No. 17-2030
(Docket 4:15-cr-00483-1)

# United States District Court for the Southern District of Texas

James P. Burke - Appellant/Movant

V.

U.S.A. - Plaintiff-Appellee

United States Courts
Southern District of Texas
F I L E D
MAR 09 2020
David J. Bradley, Clerk of Court

Pro-Se Litigant update request to Motion under 28 U.S.C. §2255, to include additional statement in matter.

I, James P. Burke, wish to inquire of Clerk of Court for U.S. District Court for the Southern District of Texas (Houston Division) an update on status of Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody. Movant received notification from Clerk of Court in Aug/SEPT of 2019 that said Motion was received/filed on or about June 3-5 of 2019 (timely filed). Movant requested Supreme Court to forward all documents on file regarding his petition for writ of certiorari to the Supreme Court, in attempt to assist District Court (timely) in further proceedings, but was denied as Supreme Court does not forward due to federal law pursuant to Rules of Court (under Article III of Constitution). The movant is concerned as initial denial of review by Supreme Court was in March 2019 and (petition for rehearing was denied in May 2019) one year mark is closely approaching.

No. 17-2030

— Additionally Movant would like to add additional (supplemental) information regarding his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. As this court knows the Movant plead guilty on June 2, 2016, to One count of "Accessing with intent to view material that contained images of child pornography" in violation of Title U.S.C. § 2252A(a)(5)(B) and § 2252A(b)(2). On day of guilty plea (after plea) the Honorable Judge Alfred H. Bennett was ready to proceed with sentencing but Movant's CJA Counsel requested that sentencing be delayed until Movant completed military service (for retirement purposes). The Movant discussed this more in detail in "Response to Anders Brief" during Appeals process, as well as in petition for writ of certiorari, so will make following statements brief. Once again the Movant would like to thank Judge Bennett for granting request to delay sentencing but does not know if Judge Bennett was aware that CJA Counsel and lead AUSA Kimberly Leo had already verbally agreed (in Movant's presence) that government would support said request on day of guilty plea (June 2, 2016). This was

No. 17-2030

- one of the sole motivating factors for Movant (Defendant at time) to agree to plead guilty so as to not lose nineteen (19) years of military service, and retirement, should he go to trial and lose (regardless of his misgivings regarding government's claims and actual intent - as stated throughout case).

- On day of guilty plea CJA counsel repeatedly told Movant to remain silent and only answer questions from Judge Bennett affirmatively. Upon completion of guilty plea, and upon CJA Counsel's request for delay to sentencing, Judge Bennett asked the government's (AUSA Leo) stance/opinion on the matter. Despite the previous verbal agreement the government did not support CJA counsel's request, referring decision back to Judge Bennett. An argument could be made that not supporting verbal agreement was "harmless," as Judge Bennett graciouslly honored Movant's military service and granted request of delayed sentence, but the Movant would not have remained silent or agreed to plead guilty (especially as he vehemently denied statements in factual basis - statements he was not aware would be made until minutes before court proceedings)

<u>No. 17-2030</u>

- had government not previously agreed to support request.
- Movant has previously mentioned the significance of (or "if") he lost military retirement and instead had been "Dishonorably" or "Other than Honorably" discharged. Movant was less concerned with himself and more so of how it would have affected his family. No access to retirement/military benefits (Movant had to retire-hopefully as no proof of retirement found in DFAS yet- under Reserve/Guard so payments would not be until 60 years of age). No access to Veteran or "VA" benefits (or severly limited). Movant is considered 100% disabled but payments would possibly be taken if dishonorably discharge (only receive 10% rating while "incarcerated, which Movant has no access to anyways - debt incurred). The list goes on and on of the significance of such loss. The Movant won't waste anymore of courts time but had recently been reminded of fact (government not adhering to agreement) by spouse. AUSA actually apologized "after" court proceedings on day of guilty plea, acknowledging change of verbal agreement (told to by higher-ups). - I declare under penalty of perjury that the foregoing is true and correct.

NAME James P. Burke
REG # 93973-379
Federal Satellite Low Elkton
P O Box 10
Lisbon Ohio 44432

CLEVELAND OH 440
04 MAR 2020 PM 1 L

◇ 93973-379 ◇
Clerk - U S District Court
S. District of Texas
515 RUSK ST
U.S. Courthouse: Rm. 5300
Houston, TX 77002
United States

United States Courts
Southern District of Texas
FILED
MAR 09 2020
David J. Bradley, Clerk of Court

Legal Mail
7002 2560 725