United States Courts
Southern District of Texas
FILED

APR 21 2022

Nathan Ochsner, Clerk of Court

No. 17-20307

To: United States District Court
     Southern District of Texas
     Houston Division
     Attn: United States Magistrate Judge
                              Attn: Honorable Dena Palermo

From: James Patrick Burke
      Reg #93973-379
      Coolidge House
      307 Huntington Ave
      Boston, MA 02115

Re: United States of America vs. James Patrick Burke
     Crim No. 4:15-483
     Civil No. 4:21-3565

Dear United States District Court,

   I, James Patrick Burke, am responding to

government response to my Motion Under 28 U.S.C.

§ 2255, which I received via institution (Halfway-

House) mail system on April 14, 2022. Before I

respond to government, and prior CJA counsel,

No 17-20307

remarks, I would like to apologize for the handwritten format of this response. I understand as an incarcerated pro-se litigant I am not held to the same standards as a licensed attorney (Haines vs. Kerner) but I attempted to provide an organized and coherent layout to all petitions, motions, and requests made to this court. The burden of incarcerated pro se litigants to complete legal documents during normal times is difficult, let alone during a pandemic. That being said I also understand everyone has been affected in some way due to said pandemic. I ask the court to

forgive any mistakes or untidiness in
this response as I have very little access
to materials and/or resources (or sources)
in my current situation (Halfway House — Boles
vs. U.S., 2020).

While creating my §2255 I attempted
to follow the instructions as much as possible,
to include limiting my ~~limiting~~ citation of
law. The majority of my arguments I did
in fact cite law (or court cases); with my
petition of certiorari to the Supreme Court.
Although the Supreme Court denied my
petition for a writ of certiorari, it did
not bar me from readdressing the same

No. 17-20307

arguments in my §2255 (Flynn vs. U.S., 1955). As this court knows very few of the cases petitioned before the Supreme Court are heard. In addition I requested and was denied any court opinions by both the Supreme Court and Appellate Court. As such I had no knowledge of what was viewed or why my petition(s) where denied.

The instructions (see attached) for a Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody states in statement number 5," you do not need to cite law." I address this as not

No. 17-20307

to have to readdress every time government criticizes my arguments in their response by stating I am making "bald assertions" without facts or case law to back it up. I provided the Solicitor General's office a copy of my petition of certiorari, as well as this court, in which the majority of the arguments in my §2255 do have the original sources and/or cases provided. The government failed to review said petition of certiorari, as well respond to the vast majority of the arguments I made within §2255, instead rehashing prior court proceedings without mentioning or responding to the

No.  17-20307

very arguments I stated within my §2255
against those court proceedings (or government
conduct). I also stated in my §2255, as
well as other post-trial documents, that I
did not have access to any of case files,
evidence, or documents/discovery while
completing §2255. This included my PSR, which
would have had any point deductions for
"acceptance of responsibility", etc. Anything I
discussed regarding PSR, evidence, discovery,
etc., I did from memory. I ask this
court to once again review "all" the documents
I provided along with my §2255. (supplemental
briefs, petition of certiorari, etc.) in conjunction

No. 17-20307

With this response to government. I am not on a "crusade", as the government contends, but presenting the truth and facts as I see them, experienced them, and now deal with the consequences of the actions that led to My incarceration.

The first item I would like to respond to, which the government ignored in their response, was the verbal agreement My former CJA counsel and AUSA Leo made regarding My agreeing to plead guilty with the specific understanding the government would agree to endorse delaying sentencing until completion of My military service (possible retirement - 20 yrs).

When this verbal agreement was made
there was no indication of how severe,
and misleading, the factual basis would
be. Nevertheless, on the day I plead guilty,
although I adamantly disagreed with the
content of factual basis, CJA counsel advised
me to remain silent, reply "yes, sir/your honor", "no
sir/your honor", and he would request the
aforementioned delay of sentencing following
completion of plea acceptance by judge. When
said request did occur the government backed
out of their agreement. Now the judge did grant
CJA counsel's request, with obvious reluctance,
but to say I was not only "trapped" into

No. 17-20307

pleading guilty to everything stated within factual basis, but also prejudiced by all future proceedings, would be an understatement. I have already gone into detail regarding My challenges to the factual basis, as well as the consequences of losing military retirement, in ~~these~~ prior documents (§2255, petition of certiorari, supplemental briefs), and the governments violation of agreed upon endorsement, so will ask the court to review those prior documents instead of rehashing details. What I will say though is that in the government response to my §2255 they provided a court transcript of what transpired that day (06/02/2016) and

<u>No. 17-20307</u>

conveniently left out the interactions with the judge (between CJA Counsel and AUSA Leo) regarding said request to delay sentencing. The AUSA (Leo) also approached CJA counsel and myself as we were leaving court and "apologized" for violating verbal agreement, as she had received orders from higher. Now I don't know exact case law, nor do I have means to look it up, but I do believe the government violating a plea agreement, verbal or otherwise, should have nullified said plea of guilty. Of course I had no way of knowing it at the time, nor was I aware until already incarcerated with access to Bureau of Prisons legal library. This is one

of the first examples of prejudice I faced during the case, with the results of my plea of guilty being posted on the FBI website, media outlets, and other sources. It's not even the fact my plea was dispersed/advertised, but that due to the terminology and inaccurate (arguably) calculation of images (I had no known images; government stated found one) accessed, everyone

— I had no knowledge of the one image, never saw discovery

associated with me now viewed me as a pedofile.

This is mostly due to the fact that the way in which the government presented the case (continued same way in PSR, sentencing, etc.), and statements related to, was that I had thousands of images on my

— Never saw discovery, nor knew had.

computers, when in fact I had (challenged) possibly one.

No. 17-20307

The second item I would like to present in My response is the government's failure to respond to My prior knowledge of the government knowing that NIT warrants issued by magistrate judge out of Eastern District of Virginia violated Rule 41(b). I went into great detail regarding this 4th Amendment violation in prior court petitions/motions, so will only focus on governments response to My §2255. Now the government all but admits (well they basically do admit) that said NIT warrant was in fact a violation of Rule 41(b), and even the possibility that the warrant was "void ab initio", but fall back

No. 17-20307

on the "Leon" "good-faith" clause. Once again I went into detail in prior documents but the FBI and AUSA are not just "reasonably trained officers", but highly trained, experienced, and educated individuals/agencies that do not "unknowingly" violate Federal Rules of Criminal Procedure. As stated previously I was at a government conference in 2014 (don't remember exact date) with members of the Houston Division (Southern District of Texas - AUSA/DOJ), were it was acknowledged warrants issued by magistrate judges outside of their district were problematic, at best, More likely in violation of jurisdictional authority. Now I understand if the

No. 17-20307

government, due to child porn precedent, elected to proceed anyways and save innocent victims, but they took months/years to actually confront and/or apprehend those they identified. The government, in my specific case, identified a "computer" at my residence _possibly_ accessing child pornography, conducted surveillance several times of said residence — without observing _any_ illegal activity, and, despite knowing children lived at address, waited until August 14, 2015 to conduct raid (monitoring of website Feb. 22 - Mar. 4, 2015 — surveillance of residence June 2015). The government did not act in an "exigent" manner, nor did they act in "good-

No. 17-20307

faith", but violated Rule 41(b) knowing they could rely upon Leon after the fact. This may appear an opinion, or accusatory, but in the government's response they, once again, admit they violated Rule 41(b), then go on to cite all the cases were Leon "good faith" saved said violation. The government, in their response, continuously cite Ganzer, and compare it to my case. The government points out that Ganzer made the same arguments regarding Rule 41(b) violation, void ab initio, etc. (Ganzer also 5th district case), but his case against government was dismissed due to Leon "good faith". The government also is critical in comparing

No. 17-20307

- gov't response, page 29 -

Gonzer case to my case (gov't "like Burke presently") as if the arguments I made in my §2255 were conceived of recently, after the Gonzer case, I timely filed my petition of certiorari in June of 2018, following dismissal of Appeal in February 2018 (not including petition for rehearing). My petition for writ of certiorari was denied on March 25, 2019, followed by denial of petition for rehearing. I, having already begun, then timely filed my Motion Under 28 U.S.C. §2255 on June 3, 2019. On, or about, the beginning of March 2020 (prior to one-year §2255 expiration; following confirmation of conviction), I filed a request for update to §2255, along with a supplemental brief to said §2255. The court clerk responded acknowledging receipt of request/brief, which was the last time I heard from court and/or government until assignment to Judge E.H. Hoyes Stacy on/about Oct 2021 (period of non-communication during worst of pandemic). My arguments, begun in detail during petition for writ of certiorari (did not have

No. 17-20307

Knowledge of many of the arguments, cases, violations, case law, during direct appeal process — although brought up many of the points specific to me and my intent) were first presented in court with the submission of petition of writ for certiorari (June 21, 2018). This means that not only does my arguments presented in $2255 pre-date the majority of the cases government compares it to (their decisions); but the specific details of my case are also quite different. It was of no fault of my own that my petition, filed on June 3, 2019, is just now (Mar-April 2022) in the response phase.

    The third item I would like to discuss, and respond to, are specific remarks in government response, which I already addressed in $2255, that the government uses in an attempt to discredit me and my statements.

i) On page 2 of government response *government brings up Ganzer and "good faith" exception. I have already discussed this topic; prior knowledge of gov't knowing

*Note 4 at bottom

No. 17-20307

of Rule 41(b) violations before use of NIT warrants,

and not being just "reasonably trained officers"

2) In note³, on page 2, government references former

CJA counsel's affidavit regarding my "intent" of targeting

violent predators. As I stated to counsel I did not

have the technical expertise to identify the identity

~ page 4 of gov't response; For software provides users anonymity.

of any username, just as the government could not identify

said users prior to NIT installation. Even then they,

according to this gov't response, could only identify certain

information, such as IP address, etc. What I did tell him

was that my search criteria on any violent predator

site (terrorist, pedos, rapist, murder for hire, etc) was for individuals

who actually "committed" violent acts, in this case those

who directly harmed children. I even stated to CJA counsel,

as well as during initial interview, that I created a username

ex-vera73; Name and year born of girl I knew, worried about, who lived in Macedonia

to possibly "trick" said violent predators, and identify them. I

never got as far as this as my overall intent was to

do these individuals harm. Went over this enough in

other documents – § 2255 petition certiorari, etc.

No. 17-20307

3) In regards to specific comments related to my case, starting on page 6, I addressed many in §2255 but government brings up again. I did not remember signing waiver of rights, which I did in fact sign. My recollection is that I was not told what raid on my house, and taking me in for questioning (I did so voluntarily), was about until after I signed waiver. I initially thought was regarding a corruption case I was working. I never saw content of CJA counsel's motion to suppress, but do remember I forgot signing it — miranda waiver due to the shock of the situation. I do know the Department of Justice (DEA at least — FBI also?) may have been required to have consent in order to "video tape" interviews, especially if not considered under arrest yet. This is all pretty irrelevant now. In regards to pages 7-8, I went over in §2255 and previously in this response, regarding guilty plea. This also includes pages 9-13, which includes the factual basis. I went over in great detail in §2255

No. 17-20307

and petition for certiorari how I vehemently challenged the content of factual basis (to CJA counsel) regarding the terminology and possessive nature in governments factual basis (see pages 24-28 in §2255). This is in addition to the aforementioned government violation of verbal agreement following guilty plea.

On page 13 of government response, regarding sentencing, it states I had reviewed PSR with attorney and he had answered all my questions regarding report. I challenged almost every aspect of PSR, called and emailed detailed challenges (CJA counsel said he'd add email to record). CJA counsel stated, by my recollection, that government forwarded PSR before said challenges were addressed. In other words nothing was removed, altered, or fixed to adequately describe me personally (military, contributions, etc.) or repair false statements (see pages ___ in §2255, and pages ___ in petition certiorari). Before I was able to address

No. 17-20307

court, before judge handed out sentencing, it was already quite obvious how everything I stated previously in this response (as well as negative statements/accusations, etc.) affected how the judge viewed me. Everything I stated to CJA counsel, which he did not mention until sentencing, was lost upon the judge. The prejudice I was facing was obvious by the "conflicting thoughts" and "repulsive behavior for which I stood convicted" (page 14-15 of government response), the judge stated before allowing me to address court. It was obvious it did not matter what I said, which I had grown used to since start of case. I was not trying to place blame elsewhere, nor did I want to cause a "precedent" by mentioning possible Rule 41(b) violations. I was not aware of full extent of government violations at time, nor their culpability in allowing untold amounts of child pornography to be dispersed indefinitely while running an illegal child porn site for a

No. 17-20307

(gov't response pages-5)
"limited period of time" (two weeks). Even now the government attempts to downplay their culpability in child porn distribution, while exagerating and painting a picture of me as the monster. I distributed nothing, posted nothing, possessed nothing (knowingly - see §2255 and petition of certiorari regarding one image, and "Affirmative Defense", Title 18 U.S.C. §2255A(a)(5)(d); page 20 of §2255), had no collection, shared nothing, and never communicated with anyone while attempting to identify targets/predators. I went into great detail regarding government's culpability, which far surpassed the culpability of my actions, in §2255/petition certiorari. I also did not have time to "live a double life", as I worked 60-80 hours a week (government), had additional military duties as Executive Officer in Infantry Unit (TXARNG), and obviously had a family to care for.

4) Beginning on page 20 of government response, the government states my "first three grounds for relief are procedurally defaulted", and "meritless." They also

No. 17-20307

state my IAC claim is meritless. The government seems to suggest my §2255 claims do not amount to jurisdictional or constitutional claims and are mere "conlusory allegations." I did not bring up the majority, or specifics, of §2255 arguments in direct appeal as I did not have access to case law (or cases), nor did I have the knowledge until incarcerated (legal library). I also was not barred from raising arguments in §2255 that I also raised in petition for writ of certiorari (Flynn). As I, and the government, have pointed out, I'm not a licensed attorney (Haines vs. Kerner). I put every possible moment available into searching for cases, case law, and Federal Criminal Rules of procedure, at the BOP legal library, in order to present petition of certiorari and §2255. I did not make up "bald assertions" on critical issues in my pro se petition. I could not previously bring up claims relating to the deprivation of constitutional rights that occured prior to entry of guilty plea (gov't violated plea).

No. 17-20307

5) The instructions for §2255 motions, as well as petition for writ of certiorari, specifically state you don't need to, or should not, cite case law. In addition §2255 motions state to include all grounds for relief from conviction or sentence that you challenge. ~instruction #9 It also states you may be barred from presenting grounds at a later date if you do not, or fail to, set forth all grounds in the motion. I followed all the steps suggested (required) in presenting "Response to Direct Appeal — CJA counsel's Anders Brief", Petition for a Writ of Certiorari to Supreme Court, and this current Motion Under 28 U.S.C. §2255. All these documents were filed in a timely manner, and I diligently attempted to cite and/or find any information so as to present concise arguments as an incarcerated pro se litigant. I had no opportunity to litigate any constitutional claims in pre-trial or on direct appeal as, given the nature of my case, I had no access to resources

No. 17-20307

that would have made me aware of constitional violations. That was what my CJA counsel was for. The government points out CJA counsel remained my attorney throughout appeals process, but he filed his Anders Brief and request for recusal well before said process was complete. As the court record shows (government response and statements, violations) I faced actual, egregious, prejudice from the beginning of this case, through sentencing (and presently). I spoke in great detail previously ($2255, etc.) so will not go over again. I had no opportunity for full and fair litigation, nor did I have opportunity to litigate the "search and seizure" until incarcerated (post trial). The government states in response that the benefits of the exclusionary rule" are outweighed by the acknowledged costs to other values vital to a rational system of criminal justice." (Stone)

I bring up the exclusionary rule and governments reliance upon "good faith" clause because, as I have

No. 17-20307

pointed out numerous times, the governments overall conduct in this case far outweighs any "good faith" that would overide the exclusionary rule. The government fails to say or argue their actions were not illegal. They in fact state the opposite. The governments primary argument is that the content of my §2255 is procedurally defaulted and without merit. On one hand they state I fail to raise certain arguments on direct review, then contradict themselves by saying anything raised on direct review cannot be raised again. They additionally continuously state I failed to cite case law or authority, which I did in almost every instance (§2255 or pet. certiorari). To say I was not "prejudiced" by the actions of the government is very inaccurate. To also say that although my 4th Amendment rights were violated the government's "good faith" and "acknowledged costs to other values vital to a rational system of criminal

justice" outweigh the benefits of the exclusionary rule are confusing when the government never denies their role in violating (broke the law) Title 18 U.S.C. § 3509(m). They ran the website in question, they allowed the ongoing distribution of thousands (hundreds of thousands or more based upon gov't calculation standards) of child pornography images. In the governments own statement regarding child porn, every time an image is distributed a child is re-victimized. There is no "statutory exception", even for "investigative purposes", -pg 5 of gov't response

for the government to distribute child pornography, and even had they denied culpability in actually distributing, (in their own words again) there was no dissemination of child pornography needed (to include members of website) to establish probable cause. The government acted in a "systematic" violation of due process of law by running/ overseeing a child pornography website. When the government acts in a manner that is "grossly shocking and outrageous,"

No. 17-20307

even for "investigative purposes," they are in violation of due process of law, which arguably translates that all those affected by said violations due process rights were violated. There was no reason to allow continued distribution of child pornography, (they could not give consent as minors) to re-victimize children without consent, and use *those* children as bait. I never suggested FBI/government implanted the criminal design of accessing a child pornography website, but (see gov't response page 34) for gov't to suggest they merely operated the website for two weeks is once again shocking and outrageous. The government cites Hampton in comparing their illegal —cited, not "my" ops. activity as equally culpable as my own. I went into great detail of proven, not dubious, criminal actions the FBI/government engaged in (§2255, etc.), which they do not deny, but use Leon as an excuse.

6) As far as sentencing (PSR) challenges, beginning on page 35 of government response, I have already served

<u>No. 17-20307</u>

the majority of my sentence. My projected release date from Bureau of Prison custody is February 23, 2023. As this court knows I am already at a halfway-house, although still considered to be in BOP custody until said February 2023 date (Boles vs. U.S., 2020). I received almost eleven months of halfway-house due to my status as a model prisoner; having acquired no infractions while incarcerated. I may have received a full year of half-way-house but sadly my original case manager passed away, while working on my case, although I'm not sure what the cause of death was (he had recently had covid-19). In addition Elkton FCI/FSL was one of the hardest hit prisons (federal and state), both by cases and deaths, in the entire United States. I have served, the majority of my sentence and the government asking to deny review of sentencing calculations, and/or PSR, to adjust given downward departure/discrepancies/errors is confusing as I cannot return the time I spent incarcerated (or

No. 17-20307

— page 35 gov't response —

have that time given back to me). The government claims I presented my claim that I was, "placed in a higher sentencing guideline due to my military/government accolades, resulting being placed in a higher sen extreme egregious light before the court, and received (comparatively) a higher sentence than those who had none of the positive contributions to society he had", with zero legal authority. On page 30 of the government response the government cites/lists multiple other cases with defendants who were charged/convicted due to same N.I.T warrant and subsequent round up. In comparing the actions/culpability (distribution, possession, production) of those defendants to myself (none of the previous charges), as well as the amount of child pornography those individuals actually had in their possession, distributed, and/or produced (among other charges), there really is no comparison. I never attempted, nor wanted, to mitigate my crime by asserting my search for predators, but that was what I was doing. That is

No. 17-20307

what I had done the majority of My life, in one way or another, while serving (Military and government). Prior to my arrest that is how everyone viewed Me as well. I never hid My disdain for those who harmed innocents, nor did I hide my feelings of what actions I would take should I be confronted by someone harming innocents. The majority of the time, given the atmosphere/location(s) and/or profession(s) I was affiliated with, My peers (as well as superiors) echoed their disdain for said predators.

I do admit that some of the point deductions I received I was not aware of, such as "acceptance of responsibility." As stated previously I had no access to court records, to include PSI/PSR, while incarcerated and had to go from memory regarding My case spec-ifics. As far as "Mitigating Role" application the government claims I was the only person charged in this case, yet cites case law of other cases "involved in this case"

- your response page 38 -

offense

in almost every argument against my §2255 in their response. To state I was the only participant involved in the offense, although many others were charged in the same NIT warrant operation — with far greater culpability, seems contradictory.

As far as restitution and special assessment I never stated I lacked culpability in my actions, but culpability in regards to said restitution and special assessment. I understand and agree that all victims in this case —NIT case overall— deserve restitution, and more, but questioned what my culpability was in relation to said restitution. I never saw, nor do I know, even at this point, what connection I had to said victim. I stated my intent towards predators — or waste courts time— (will not rehash again), and regardless if believed or not, still do not know the "why" of, or reason for, my assignment to this specific victim restitution. Likewise in regards to special assessment, which I provided copies of actual special assessment guidelines in §2255, I

No. 17-20307

was never informed why I was assigned the $5,000.00 USD "Justice for Victims of Trafficking Act" special assessment when I committed, nor was charged, accused, or convicted of, any of the Special Assessment guidelines. The government has claimed that said Special Assessment was an instant attachment for the charge in which I was convicted, and yet this attachment has not occurred, nationally-federal, in every NIT case, even in those cases involving more severe charges. In addition, even if said instant attachment was accurate, despite committing none of the attached offenses, indigent defendants are supposed to be excused from said special assessment. As I have previously (As well as my former CJA counsel had) stated to this court I am rated 100% disabled by the Veterans Administration due to "individual unemployability" (date of decision - activation 8/16/2015). This disability pay was not received while incarcerated, nor is it legal to seize or use as income assessment (Title 38

## No. 17-20307

U.S.C § 5301). In addition such seizure is arguably (see

Higgins vs. Beyer, 3rd Cis. 2002) a violation of due process

rights. I previously sent copy of Title 38 U.S.C § 5301 to

court.

    As far as ineffective assistance of counsel, in addition

to previous examples in this response showing his

errors, My CJA counsel failed on multiple accounts. As I

went into within my § 2255 it was my future at stake, and

My right to pursue avenue of defense (McCoy). First Rule 44(a)

does not state counsel must assist in filing of petition

for writ of certiorari, but advise client of right to file

said petition. Second; government contends CJA counsel

did not fail to argue my intent in their response. ~gov't response page 40~ As I

stated previously, here and in § 2255, CJA counsel waited

until sentencing (4/6/2017) to argue my intent, when he

knew of it in September of 2015. CJA counsel advised

me multiple times (on phone, in person, at plea hearing, during PSI

interview) to not state my intent, despite my ~stated~ desire to

No. 17-20307

do so. To say I was not prejudiced by waiting until sentencing to reveal my intent is an understatement. The judge's reaction when I addressed the court at sentencing (4/6/2017) is evidence of this. — see comments on page 16 of gov't response.

On page 41 of government response they present sections of CJA counsel's affidavit regarding counsel's response to my IAC claims (I never received copy of CJA counsel affidavit). As I stated previously in this response I advised CJA counsel, (on one day for only a few, 2-4 hours, we met to discuss discovery, etc.) I did not have the technical ability or knowledge to identify username/targets on the "Dark Web," Tor website involved in this case. The government was only able to discover limited information with the use of the NIT malware themselves. I also told CJA counsel, and stated during initial FBI interview, I had created the specific username "Vera73" in hoping to possibly "trick" predators into providing me information/identifiers (vera was name of friend once knew while deployed to Macedonia during Kosovo conflict, 73 was year

No. 17-20307

she was born) just as investigators would do in many cases — assume alternate identities. Although I never went through this step of targeting predators, it was reason I chose "Vera 73." In addition I stated to CJA counsel my targets were violent predators, whom committed actual "physical" harm to victims (not exclusive to just pedofiles). This is not to say other users of website were excused, but the sheer volume of predators, distributors, etc., was overwhelming, and filled me with rage. Once again, as previous documents (§2255, petition certiorari) show, the government was in charge of website, had no need to allow distribution of untold thousands of child porn images to acquire probable cause, and complicity in doing so was "outrageous and shocking."

- see court response page 42 -

Finally, regarding CJA counsel, the one time we met to discuss/view discovery (not all discovery - "one" image - present) I did state it was obvious the government's calculation of images (77 threads, 3300+ "contact sheets", & images) was an attempt to portray my activity in a worse light than it was;

No. 17-20307

they eventually used this calculation method for sentencing purposes (see §2255 and pet. certiorari). I stated to CJA counsel "just because I clicked on a "thread" [77] (topic discussion in forum) did not mean I then clicked on every single "contact sheet" [3300+] (tiny images that would open in larger form if accessed). [–8 pics each? I don't know?] Not only would this have taken an uncountable amount of time, but it was not my intent. CJA counsel did not understand this (just as statement regarding accessing "file" in factual basis [–see factual basis – gov't response pg. 9] should have stated "thread/post"), nor the overcalculation of time logged onto website, where I pointed out closing window after several minutes did not "log you out" of site, as obvious by the session logsheets (you could see times did hit logout). As stated in previous documents in the time I was on home-confinement, September 2015-April 2017, it was extremely difficult getting in contact with CJA counsel. When we did get in contact he provided last minute information and ultimatum's from government. The one time I flew to Texas, from Massachusetts, despite the dire financial

No. 17-20307

status I was in (flight cheaper than bus), we did not have a "lengthy discussion" regarding any aspect of the case, but a rushed view of "limited" discovery, a brief discussion of Levin case (how wouldn't apply in Texas) [5th District], and the previous mentioned phone call were AUSA Leo verbally agreed for government to endorse request for stay of sentencing until after military retirement. This one visit, several weeks before plea hearing, was short compared to time I was out on bond, and I was rushed out of office after several hours as CJA counsel and his partner had "other" obligations (see more in §2255, pet. cert brief) I t was not my job, nor did I have authority from court (CJA counsel must request funding from judge for expert testimony - unlike public defenders - conflict of interest), to seek out or name witnesses, but that of counsel.

I understand Dr. Presskreicher's letter was presented to court but my argument in §2255 was that I had provided (well Dr. P provided to CJA counsel letter) to CJA

No. 17-20307

counsel copies of, and authority to acquire, complete VA medical records, to include mental health records that contained session notes that backed up many of my "intent" claims. My statement in §2255 was also directed at government, whom criticized Dr. Presskreicher's letter at sentencing, and also faulted me for not seeking mental health treatment ~~reg~~ in relation to charges (I was not ordered to by court, and only available mental health treatment available/could afford was through the VA). The fact was Dr. Presskreicher did go into detail regarding mental health, PTSD, and how related to charges.

In closing I would like to discuss a recent case (U.S. vs Opoku, SDTX, 2021) decided in this very court (see attached). In Opoku the evidence was suppressed for being an "All records" search, which was facially overbroad, and a wide ranging exploratory search. The court also ruled that the Leon "good faith" clause doesn't apply. The court stated that while the affidavit may establish

No. 17-20307

"probable cause to believe that a person has committed a crime, that does not automatically give the police probable cause to search his house (or cellphone-computer in my case) for evidence of that crime." (Freeman, 1982)(Riley, noting cell phone-computer- would typically expose to government far more than the most exhaustive search of a house). In Riley (Riley vs. California, 2014) the Supreme Court warned that "modern computer devices are capable of storing entire warehouses worth of information." In U.S. vs. Brown, the Fifth Circuit explained that a warrant to search a home must be based on more than (1) the fact that a codefendant lives in the home and (2) the truism that drugs must be stored and packaged somewhere. Warrants that authorize an "all records" search require "much closer scrutiny" under the Fourth Amendment and are only upheld in "extreme cases" where the alleged crime is pervasive, closely intertwined with the place to be searched, and the items to be seized are sufficiently limited and linked to the alleged crime (U.S. vs. Humphrey).

No. 17-20307

In Opoku the judge criticized the "all record" warrant of a single cell phone, that was seized months after the initial crime. In my case the "all records" search (all computer devices, electronic media, storage devices) occurred approximately five months after an I.P. address 'linked' to a computer — see also Carpenter regarding acquiring I.P. address w-out warrant. at my house "possibly" accessed child pornography. The government conducted surveillance on my house and observed no illegal activity (surveillance approximately two months before execution of warrant). Their was no facts that established a nexus between the place to be searched, the items to be seized, and the criminal activity being investigated (Kohler). The government executed a search of my house with only a "suspicion" that child pornography would be found, seizing every electronic device (cell phones, kids tablets for school, E-book readers, storage media, x-Box's, computers, laptops, hard drives, etc., etc.), far exceeding the seizure of a single cell phone in Opoku, without even knowing, with certainty, who or what device they were looking for. To quote the judge

No. 17-20307

in Opoku, "if such a warrant is not an "all records" warrant that authorizes a "wide-ranging exploratory search" and grants discretion to the executing officers, the Court is not sure what would constitute as such (See Garrison, Triplett) and just as in Opoku the warrant on my house did not specify one particular category of information (government had no evidence from NIT maleware, or Feb. 22-Mar 4 2015 monitoring, of computer linked to IP address at my house downloading, sharing, distributing, etc., any specific file(s)), or even a specific period of time. They even waited on executing warrant on a residence suspected of accessing child pornography, knowing children resided at residence.

Given the overwhelming violations by the government in my case there is unquestionably grounds for relief;

1) Rule 41(b) violation, gov't, at least in Southern District of Texas, arguably knew NIT warrant violated Eastern District of Virginia Magistrate Judge jurisdictional authority, beforehand. Gov't admits in it's very response it was in fact a violation of Rule 41(b), but relies on Leon "good faith," even though "after the fact" (knew violated) and not just "reasonably trained."

2) Government broke the law - 3509(m), controlled Child Porn website, allowed continued distribution of child pornography when none

No. 17-20307

3) 4th Amendment violation(s), warrantless search (void ab initio), Due Process violations (their actions), Due process - *Title 38 U.S.C. § 5301.*

   The government conducted an "All Records" search of my home, which was a facially overbroad, wide ranging exploratory search, based upon evidence obtained 5 months prior using a warrant that violated Rule 41(b), which should have rendered said warrant "void ab initio" (warrantless searches cannot be overcome). They conducted surveillance of my residence based on a "suspicion" that illegal activity may have occurred there at "some point." They did not act in an exigent manner, knowing children resided at residence, nor did they witness any illegal activity taking place. The government was aware of complications regarding jurisdictional issues and NIT (Title III) warrants, but conducted operation anyways. In addition they acted in an "outrageous and shocking" manner, breaking the law - 3509(m), by allowing (controlling) the distribution of thousands of child pornography images and videos. The government justified (in current gov't response)

No. 17-20307

these actions "For investigative purposes"; downplaying their actions, but never denying them. As I have repeatedly stated, "I did none of these things."

The government's conduct should not be saved by Leon "good" faith, nor by exigent circumstances. Their actions, and denial there of, goes beyond "outrageous and shocking." "The exclusionary rule reaches not only the evidence uncovered as a direct result of the violation, but also evidence indirectly derived from it-so-called fruit of the poisonous tree." (U.S. vs. Mendez, 2018) I do not, nor have I ever, denied my culpability in the actions that led to my incarceration. I have always, however, denied the accusations and exaggerated claims/calculations associated with my case. I accepted responsibility, I told the truth, I served my time (almost complete). I continue to seek mental health and am doing everything required by court to once again be a law abiding citizen. I dream of rejoining and providing for my family. I have presented arguments

No. 17-20307

that the government does not deny, or just failed to respond to. I feel my conviction should be overturned, all evidence suppressed, and/or case vacated. The decision, to forego ~~a~~ resentencing, is due to the fact I already paid for my actions. Whatever the outcome and/or decision I request this response (if possible), along with all other associated case files and decisions (§2255, etc.) only be available for this court, myself, and the government. I don't want others to build upon my arguments, especially those whom I insist were my true targets. Thank you for your time. - I swear that all information provided in this response was truthful to the best of my knowledge.

With respect,
James P. Burke
4/19/2022