United States District Court
Southern District of Texas
**ENTERED**
December 29, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| United States of America, | § § § | |
| *Plaintiff-Respondent,* | § § | |
| v. | § § | Case No. 4:15-cr-00483 |
| James Patrick Burke, | § § § | |
| *Defendant-Movant.* | § § § § | |

## MEMORANDUM AND RECOMMENDATION

On June 2, 2016, Defendant James Patrick Burke pleaded guilty to knowingly accessing materials with intent to view child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The Court sentenced him to seven years in prison followed by fifteen years of supervised release. Dkt. 66 at 2-3. Burke now seeks relief under the federal habeas statute, 28 U.S.C. § 2255. Dkt. 93. The United States ("the Government") opposes Burke's motion. Dkt. 120. Because Burke failed to demonstrate a valid basis for vacating his sentence or conviction, it is recommended that his § 2255 motion be denied without an evidentiary hearing and that a certificate of appealability also be denied.

## Background and Procedural History

James Burke, a longtime civil servant whose career included time in both the United States Army and the Drug Enforcement Agency, was indicted in August 2015 following an international investigation targeting users of a child pornography internet site called "Playpen." Dkt. 76 at 12-14. FBI agents investigating Playpen identified United States-based IP addresses that had accessed the website. *Id.* at 12-13. Agents traced one such address to Burke by deploying a type of investigative malware. *Id.*; *see United States v. Ganzer*, 922 F.3d 579, 580 (5th Cir. 2019) (describing the exact technique deployed in this case). By reviewing Burke's account activity, the investigating agents determined that Burke had accessed thousands of images of child pornography. *Id.* at 15. When interviewed on the day of his arrest, Burke admitted to the offense. Dkt. 60 at 2.

Burke and his court-appointed counsel conferred and discussed several potential defenses, including a theory that Burke lacked the requisite *mens rea* to commit the offense. *See* Dkt. 113 at 2. According to Burke, he had not searched for child pornography for sexual gratification, but instead to "hunt" for predators who were exploiting children. *See* Dkt. 79 at 22-23.

Burke's counsel determined that this was not a viable defense. Dkt. 113 at 2. Despite investigating Burke's contention, counsel found no objective evidence corroborating Burke's claim that he had accessed the child

pornography site solely to target violent predators. *Id*. Instead, Burke's counsel pursued other avenues for mitigating Burke's potential sentence—including by emphasizing his service record, his Post Traumatic Stress Disorder, and other aspects of his character. *See* Dkt. 60.

Ultimately, Burke chose to plead guilty to the single count of accessing materials containing child pornography. At his rearraignment, the Court questioned Burke extensively, to confirm that Burke knowingly, voluntarily, and intelligently wished to enter a plea and fully understood the rights that he would relinquish by pleading guilty. Dkt. 76 at 3-11, 16-18, 21-23. In response to the Government's factual proffer, Burke acknowledged that he understood what the Government would have to prove at trial and conceded that the Government had accurately stated the facts. *Id.* at 12-16. Burke's counsel confirmed that Burke was choosing to plead to the charge without a plea agreement. *Id.* at 18. The Court advised Burke that, by pleading guilty, Burke was waiving "all non-jurisdictional defects in the prosecution," including issues such as "any searches or seizures that the government or the police did ...." *Id.* at 10. Burke acknowledged that he understood, *id.*, and chose to plead guilty anyway, *id.* at 23.

At his sentencing, Burke's counsel raised the contention that Burke had not viewed the child pornography for prurient reasons, but as part of an "obsession with hunting down bad people, hunting them, capturing them,

bringing them to justice." Dkt. 79 at 13. Burke himself argued that he had not viewed the images for sexual purposes, but rather because he wanted to catch people who exploited children. *Id.* at 23. Burke also informed the Court that he decided against pursuing a Fourth Amendment challenge to the search warrant that led to his arrest because he refused "to use this gimmick or defense, as it would go against everything I claim to stand for." *Id.* at 27. The Court found these contentions unpersuasive and sentenced Burke to seven years imprisonment and fifteen years of supervised release, within the guidelines range. *Id.* at 30-31.

Burke appealed his sentence, which prompted his counsel to file an *Anders* brief stating that this case presented no non-frivolous issues. Dkt. 120-2.[1] Burke responded, arguing, *inter alia*, that he lacked the *mens rea* to commit the offense underlying his conviction. *See* Dkt. 120-1 at PDF 6-14. The Fifth Circuit affirmed Burke's sentence and dismissed the appeal. Dkt. 88 at 1-2. Burke then filed a petition for a writ of certiorari that raised new arguments, including a Fourth Amendment challenge to his original search warrant. *See* Dkt. 123-2 (petition for writ of certiorari). The Supreme Court denied review. Dkt. 92.

---

[1] The relevant pages of Dkts. 120-1 and 120-2 are referenced by the PDF page numbers.

Less than three months later, Burke timely moved under 28 U.S.C. § 2255 to reverse his conviction and reduce his sentence. Dkt. 93 at 12. The Government filed a response, Dkt. 120, to which Burke replied. *See* Dkt. 123.

### Standard of Review

Section 2255 sharply curtails the district court's authority to vacate, modify, or correct a sentence. To obtain relief, a movant must show that (1) the sentence violates the U.S. Constitution or other federal law; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the statutory maximum; or (4) the sentence "is otherwise subject to collateral attack …." 28 U.S.C. § 2255. "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). "Other types of error may not be raised under section 2255 unless the defendant demonstrates that the error could not have been raised on direct appeal *and*, if condoned, would result in a complete miscarriage of justice." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (per curiam).

Ultimately, the movant bears the burden of establishing his claims of error by a preponderance of the evidence. *See Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). Absent "independent indicia" that the movant's

5

claims likely have merit, an evidentiary hearing is not required. *See United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006). Allegations of a pro se movant are liberally construed. *See Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011).

## Analysis

Burke advances four arguments in urging his section 2255 motion: (1) that the Eastern District of Virginia Court violated the Fourth Amendment by issuing the search warrant that led to Burke's arrest; (2) that the Government was operating as a criminal enterprise by seizing administrative control of the Playpen site while seeking to identify the user accounts; (3) that the Court incorrectly calculated Burke's sentence by failing to account for the legislative history of 18 U.S.C. § 2252A; and (4) that Burke's counsel provided ineffective assistance in violation of *Strickland v. Washington*. *See* Dkt. 93 at 4-8. The Government contends that Burke's claims are procedurally barred, foreclosed by law, or meritless. *See* Dkt. 120 at 20. Given that part of Burke's fourth argument overlaps with his other three contentions, the Court will address his *Strickland* claim first.

**I.    Burke's ineffective assistance of counsel claims are meritless.**

Burke argues that his counsel performed deficiently in five ways: (1) by failing to advise Burke that he could file a petition for certiorari to the Supreme Court; (2) by failing to pursue Burke's defense that he was hunting child

predators; (3) by not obtaining a computer expert who could have provided information that would cast Burke in a more flattering light; (4) by failing to provide the Court with his mental health records to corroborate his "predator hunter" theory and to show his disability rating; and (5) by failing to properly investigate or present, during sentencing, Burke's other three arguments raised in the instant motion. *See* Dkt. 93 at 8. Burke claims that, had his attorney provided competent representation, Burke likely would not have pled guilty but would have insisted on going to trial. *See* Dkt. 93 at 18.

To obtain relief for ineffective assistance of counsel, a defendant first must show that his attorney's representation was deficient. *See Strickland v. Washington* 466 U.S. 688, 690 (1984). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Hinton v. Alabama*, 571 U.S. 263, 274 (2014) (internal quotation omitted); *see also Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985) (extending *Strickland* to guilty pleas).

Under the first prong of *Strickland*'s test, counsel's performance must be compared to "an objective standard of reasonableness, mindful of the strong presumption of adequacy." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997). "A conscious and informed decision on trial tactics and strategy cannot

be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire [process] with obvious unfairness." *Id.* (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)).

The second prong of *Strickland* requires a showing that the attorney's "deficient performance prejudiced the defense." 466 U.S. at 687. In the context of guilty pleas, a defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 58. For counsel's errors at sentencing to be prejudicial, a defendant must demonstrate a reasonable probability that he would have received a lesser sentence but for counsel's actions. *United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004).

### A. Most of Burke's *Strickland* arguments are contrary to the record and settled case law.

The record and case law foreclose several of Burke's *Strickland* contentions. These contentions concern counsel's alleged failures (1) to advise Burke that he could file a petition for a writ of certiorari; (2) to pursue the "predator hunter" defense; and (3) to call a computer expert.

First, even assuming that counsel did not advise Burke of his right to petition the Supreme Court, this error was harmless. Burke filed a petition for a writ of certiorari, which the Supreme Court denied. *See* Dkt. 123-2; Dkt. 92. Burke thus knew of and exercised his right to seek Supreme Court review.

8

Second, Burke's allegation that he was merely hunting child predators cannot sustain an ineffective assistance of counsel claim because there is no record evidence supporting this defense. That is precisely what Burke's CJA counsel determined, as stated in an affidavit responding to Burke's ineffective assistance of counsel claims. *See* Dkt. 113 at 2. As the affidavit states, Burke never compiled any names, investigated any potential targets, tracked down any potential predators, forwarded any potential leads to law enforcement, or otherwise demonstrated an intent to access the Playpen website other than for the purpose of viewing child pornography. *Id.* Counsel had no obligation to pursue an argument that lacks any basis in fact, nor was he required to assist his client in advancing an unsubstantiated theory. *Ned v. United States*, 2013 WL 12231900, at *3 (W.D. Tex. Aug. 13, 2013) ("Counsel does not render ineffective assistance by failing to raise a factually meritless claim.") (citing *Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990)).

As the Government rightly notes, Burke's third argument concerning a computer expert is barred as a matter of law. *See* Dkt. 120 at 43. Burke insists that the lack of an expert placed him in an "egrecious (sic) light" before the Court. Dkt. 93 at 8. But to prevail on an ineffective assistance claim for an uncalled witness, the petitioner must "name the witness, demonstrate that the witness was able to testify and would have done so, set out the contents of the witness's proposed testimony, and show that the testimony would have been

9

favorable to a particular defense." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). Burke's conclusory allegations that an unnamed expert would have helped his cause in some unspecified way do not suffice.

The record also flatly contradicts Burke's fourth argument, that his counsel failed to provide information to the Court concerning his VA treatment records. Dkt. 93 at 28-29. Counsel *did* present the Court with letters from Burke's treating physician at the VA, along with Burke's medical records. Dkt. 60-3 at 1-3; Dkt. 113 at 4. The Court nonetheless concluded that the gravity of Burke's offense warranted a guidelines-range sentence. Dkt. 79 at 31. Thus, Burke has neither shown his representation was deficient with respect to the offering of VA records, nor that any such deficiency was prejudicial.

> **B. Other complaints about counsel's representation provide no basis for relief.**

Burke's remaining complaints about his counsel subsume his other grounds for relief. Namely, Burke claims that his counsel should have argued that: (1) the search warrant violated the Fourth Amendment; (2) the Government operated as a criminal enterprise; and (3) the Court miscalculated Burke's sentence. These grounds fail as a matter of fact and law.

> 1. <u>Burke's knew about and voluntarily relinquished his potential challenge to the search warrant.</u>

Burke's first argument—and one of his *Strickland* claims—centers around the constitutionality of the search warrant used to locate Burke's

10

computer. Burke contends that the Government violated Federal Rule of Criminal Procedure 41(b) by obtaining a warrant to search his computer (located in Texas) from the Eastern District of Virginia. *See* Dkt. 93 at 4. He further asserts that all subsequent evidence should have been suppressed. *Id.* According to Burke, his counsel "neglected to inform" Burke of this Fourth Amendment violation. Dkt. 93 at 25.

Even assuming that the computer could have been excluded on Fourth Amendment grounds, Burke explicitly admitted that he knew about this potential ground for suppression—and voluntarily disclaimed it. At sentencing, he conceded that his attorney "made [him] aware" of a possible Fourth Amendment challenge to the initial search warrant issued by the Eastern District of Virginia. *See* Dkt. 79 at 27. He then stated, unequivocally, "I refuse to use this gimmick or defense, as it would go against everything I claim to stand for ... So, even though I may have had the possibility to getting some semblance of my life back, I refused."

"Sworn statements in open court are presumed true." *United States v. Hoang*, 2016 WL 1392549, at *23 (S.D. Tex. Apr. 8, 2016), *report and recommendation adopted*, 4:10-CR-193 Dkt. 86 at 1 (S.D. Tex. July 1, 2016); *see also United States v. Lampaziane*, 251 F.3d 519, 524 (5th Cir. 2001) ("It is well established that '[s]olemn declarations in open court carry a strong presumption of verity.'") (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

11

Burke cannot have it both ways. He cannot brag in open court that he was told about—yet voluntarily gave up—this Fourth Amendment claim, only to insist later that his counsel did not inform him of that issue. *See United States v. Sanchez-Polanco*, 2007 WL 80011, at *4, 6 (S.D. Tex. Jan. 8, 2007) (movant cannot claim that counsel failed to inform him of adverse consequences that were openly addressed on the record). Burke cannot show that his counsel's performance was deficient in this manner, nor that it prejudiced him.

### 2. Burke's "criminal enterprise" argument is baseless.

Burke next argues that his counsel improperly failed to argue that the Government—rather than Burke—had engaged in wrongdoing. According to Burke, the Government "became the criminal enterprise" by administratively controlling the Playpen website, thereby distributing "millions" of illegal images. *See* Dkt. 93 at 5, 18.

Construing Burke's argument as an entrapment defense, the Court agrees with the Government that Burke's allegations are conclusory and legally unsupported. "It is only when the Government's deception actually implants the criminal design in the mind of the defendant that the defense of entrapment comes into play." *United States v. Russell*, 411 U.S. 423, 436 (1973). But Burke does not allege that the Government "implanted the criminal design" in his mind—he admitted just the opposite. *See* Dkt. 76 at 11-16 (agreeing with Government's factual proffer); Dkt. 79 at 23-24 (admitting

12

that he "broke the law"). And even if the Government had acted as a criminal enterprise, the remedy "lies, not in freeing the equally culpable defendant, but in prosecuting the police under the applicable provision of state or federal law." *Hampton v. United States*, 425 U.S. 484, 489 (1976).

Burke's attorney did not provide ineffective assistance of counsel by failing to raise this meritless argument. *See Smith*, 907 F.2d at 585. This contention provides neither a standalone basis for relief nor the predicate for a *Strickland* claim.

### 3. Burke fails to show that his sentence was miscalculated.

As an alternative claim, Burke insists that his sentence did not consider the "Legislative Intent of 'Accessing with intent'" to view child pornography. Dkt. 93 at 6. Burke in essence argues that he did not commit the charged offense—that he lacked the "specific intent" to view child pornography for sexual gratification and that his attorney should have raised this issue. *Id.* at 6, 24. He relies on that position to claim that the Court lacked a valid predicate for imposing restitution under 18 U.S.C. § 3014, which his counsel allegedly failed to challenge. *Id.* at 23, 25 (asserting that the $5,000 special assessment was improper because he did not commit an offense under chapter 110, which includes the charged offense under 18 U.S.C. § 2252A).

Even if Burke's reasons for viewing the pornography were relevant— which is doubtful—no evidence substantiated that Burke was merely hunting

13

child predators.[2] *See supra* Part I.A; *see also* Dkt. 113 at 2 (counsel's affidavit noting that he investigated but found no evidence supporting this theory). Nonetheless, *both* Burke *and* his counsel raised this supposed "lack of intent" at the sentencing hearing, so the issue was considered. *See* Dkt. 79 at 23. The Court flatly rejected it as "an attempt to place blame somewhere else." *Id.* at 30. Burke has not shown that his supposed lack of intent rendered his sentence improper, nor that his counsel acted deficiently (or prejudicially) by failing to raise the issue.

In sum, Burke has not shown that his counsel provided anything other than competent legal representation, and in a case with overwhelming evidence of guilt. His *Strickland* claims should be rejected.

## II. Burke's remaining contentions are barred.[3]

### A. Burke chose to forgo his opportunity to raise the Fourth Amendment challenge.

Burke's Fourth Amendment argument, which was discussed above in connection with one of his *Strickland* theories, *see supra*, Part I.B.1, addresses

---

[2] The statute itself requires only proof of knowingly accessing child pornography with an intent to view it—without regard to why the defendant chose to view it. *See* 18 U.S.C. § 2252A(a)(5)(B).

[3] The Government raised procedural default as an additional barrier to these claims. *See* Dkt. 120 at 26. Although Burke did not raise these arguments in his initial appeal, Dkt. 120-1, they were included in his petition for a writ of certiorari, *see* Dkt. 123-2. Given the dearth of authority addressing procedural default under these circumstances, the Court will resolve Burke's arguments on other grounds.

the constitutionality of the warrant used to search Burke's computer. Dkt. 93 at 4. But it faces an additional hurdle as a standalone basis for relief.

Under settled law, a petitioner who had the opportunity to litigate the sufficiency of his Fourth Amendment challenge cannot raise the issue in a habeas petition. *See Stone v. Powell*, 428 U.S. 465, 494 (1976) (holding that habeas petitioner is barred from raising a Fourth Amended claim "where the [Government] has provided an opportunity for full and fair litigation" of that claim); *accord United States v. Ishmael*, 343 F.3d 741, 742-43 (5th Cir. 2003) (same). An "opportunity" for full and fair litigation exists when a defendant can avail himself of some process to assess the merits of his Fourth Amendment challenge. *See Barajas v. United States*, 2020 WL 7082804, at *13 (S.D. Tex. Oct. 27, 2020), *report and recommendation adopted*, *Garcia Barajas v. United States*, 2020 WL 7080453 (S.D. Tex. Dec. 3, 2020) (citing *Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002)).

Burke already had his opportunity to litigate his Fourth Amendment claim—a fact that he admitted at sentencing. *See* Dkt. 79 at 27. At that time, Burke touted his decision to abandon this challenge when trying to curry favor with the Court. *See id.* ("My attorney made me aware of [a possible Fourth Amendment argument] almost a year ago. I refuse to use this gimmick or defense, as it would go against everything I claim to stand for... So, even though I may have had the possibility to getting some semblance of my life back, I

refused."). He also had a full and fair opportunity to raise this argument earlier, in his initial suppression motion. *See* Dkt. 32 (Burke's motion to suppress his confession); Dkt. 38 (order denying Burke's motion to suppress). Burke's choice to forgo a Fourth Amendment challenge then precludes him from raising it now.

### B. Burke's challenge to his sentence is barred by the law of the case doctrine.

Burke's challenge to his sentence for lack of *mens rea*, *see supra* Part I.B.3 (addressing merits of this issue), cannot be relitigated in a § 2255 motion. *See* Dkt. 93 at 7-8. "A court reviewing a § 2255 motion will not reconsider 'claims of error raised and disposed of on direct appeal.'" *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)); *see also United States v. Webster*, 392 F.3d 787, 791 n.5 (5th Cir. 2004) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions.") (quoting *United States v. Kalish*, 780 F.2d 506, 508 n.5 (5th Cir. 1986)). If the circuit court resolved the issue on direct appeal, then that decision constitutes the "law of the case" that cannot be revisited through a § 2255 motion. *See United States v. Rodriguez*, 821 F.3d 632, 634 (5th Cir. 2016) (holding that § 2255 relief was unavailable based on an issue that was decided on defendant's prior appeal); *United States v.*

...

*McCollom*, 664 F.2d 56, 59 (5th Cir. 1981) ("Section 2255 may not be used to secure a second direct appeal.").

The law-of-the-case doctrine not only bars re-litigation of issues that were "explicitly decided," but also "applies to those issues decided by necessary implication." *Rodriguez*, 821 F.3d at 634 (quoting *United States v. Goudeau*, 512 F. App'x 390, 393 (5th Cir. 2013)). Although the doctrine is discretionary, its exceptions are limited to instances where "(1) [t]he evidence at a subsequent trial is substantially different; (2) there has been an intervening change of law by a controlling authority; and (3) the earlier decision is clearly erroneous and would work a manifest injustice." *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002).

Applying these principles, Burke's challenge to his sentence was litigated and necessarily resolved during his prior appeal. Indeed, Burke acknowledges that he presented the same arguments during that appeal. *See* Dkt. 93 at 8 (checking "yes" in response to the question: "did you raise this issue" on direct appeal). Burke's appellate brief addressed the exact same issues surrounding his *mens rea* and the legislative history of 18 U.S.C. § 2252A. *See* Dkt. 120-1 at PDF 14. And the Fifth Circuit explicitly considered both Burke's brief and his counsel's *Anders* brief before dismissing his appeal "as present[ing] no nonfrivolous issue." Dkt. 88. In doing so, the Fifth Circuit impliedly rejected Burke's arguments on the merits. *See Rodriguez*, 821 F.3d

at 634; *see also, e.g.*, *Martinez-Arellano v. United States*, 2017 WL 3485433, at *4 (S.D. Tex. June 28, 2017) (applying same rationale to conclude that defendant's contentions were barred by law-of-the-case doctrine), *report and recommendation adopted*, 2017 WL 3480653 (S.D. Tex. Aug. 14, 2017). This Court is bound to that determination, particularly when Burke has not shown—and the record does not support—any justification for revisiting it, such as new evidence, an intervening change to controlling law, or clear error resulting in manifest injustice. *See Martinez-Arellano*, 2017 WL 3485433, at *4 (similar deficiency). The claimed error in his sentence does not entitle Burke to relief under 28 U.S.C. § 2255.

### C. Burke's other stray contentions likewise fail.

Burke's § 2255 lengthy motion contains certain other stray, conclusory or unsubstantiated claims. *See, e.g.*, Dkt. 93 at 26 (insinuating that counsel should have challenged venue); *id.* at 27 (asserting that the PSR included "false statements" by the agent). Under Rule 2 of the Rules Governing Section 2255 Motions, a petitioner must state facts that support each ground of requested relief. Conclusory allegations or unsubstantiated claims are not entitled to further fact-finding and are subject to summary dismissal. *See United States v. Demik*, 489 F.3d 644, 646 n.3 (5th Cir. 2007) (citing *Davis v. Butler*, 825 F.2d 892, 895 (5th Cir. 1987)); *see also McBride v. Lumpkin*, 2022 WL 585151, at *4 (W.D. Tex. Feb. 25, 2022).

18

In addition, the Court declines to address new arguments raised for the first time in Burke's reply brief. *See* Dkt. 123 at 7-10 (arguing, *inter alia*, that the Government violated the terms of an unwritten plea agreement). "[N]ew issues raised in a Reply are not properly before the Court." *Cajeli v. United States*, 2020 WL 1650823, at *6 (E.D. Tex. Mar. 26, 2020) (collecting authorities and refusing to consider new issues raised in pro se movant's reply in support of § 2255 motion). Any new contentions not included in Burke's original motion are waived.

## III. Burke is not entitled to an evidentiary hearing or a certificate of appealability.

Because the record conclusively shows that Burke is not entitled to relief, an evidentiary hearing is unnecessary. *See* 28 U.S.C. § 2255(b); *see also, e.g.*, *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). This Court should decline to hold one.

In addition, to obtain a certificate of appealability, Burke must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires him to demonstrate "that reasonable jurists would find [this Court's] assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, no reasonable jurist would debate the conclusion that Burke's contentions fail to state a basis for relief under § 2255. This Court

19

therefore should deny a certificate of appealability *sua sponte*. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Burke's motion to vacate, set aside, or correct his sentence (Dkt. 93) be **DENIED**, that an evidentiary hearing be **DENIED**, and that a certificate of appealability be **DENIED**.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on December 29, 2022 at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge